FILED
-PS-O-

2008 JUN 30 PM 1:32

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GILMORE BANTON,

        Plaintiff,

  -v-

C.O. J. SCHUCK, et al.,

        Defendants.

---

**DECISION AND ORDER**
07-CV-0427F

The Court previously granted plaintiff permission to proceed *in forma pauperis* and directed the Clerk of the Court to cause the U.S. Marshals Service to serve the summons and complaint on defendants. Upon plaintiff's return of the completed summonses and Marshal Services' Process Return and Receipt forms (USM-285) ("Marshal Forms"), the Clerk of the Court issued summonses and forwarded the summons, complaints and Marshal Forms to the Marshals Service for service on defendants. The Marshals Service has advised the Court's Pro Se Writ Clerk that the summonses, complaints and Marshal Forms were forwarded to the defendants, pursuant to Fed.R.Civ.P. 4(e) and N.Y.C.P.L.R., § 312-a, upon their receipt from the Clerk of the Court, but to date nothing has been returned either by the defendants or counsel acknowledging service or indicating that the defendants could not be served at the correctional facilities at which they were

served pursuant to the information provided by plaintiff on the summonses and Marshal Forms.

Generally, once a plaintiff is granted permission to proceed *in forma pauperis* the burden of effecting service on the defendants shifts from the incarcerated plaintiff to the Court.  See *Romeandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1996) ("The interests of justice, informed by a liberal interpretation of Rule 4, are best serve by allowing [incarcerated litigants] to rely on the personal service, albeit untimely, ultimately effected by the Marshal's Service).  Once an inmate-plaintiff has provided the Marshal with the information necessary to serve his complaint, "he is absolved of further responsibility for service." *Rivera v. Pataki*, No. 04 Civ. 1286 (MBM), 2005 WL 407710, at *15 (S.D.N.Y., Feb. 7, 2005).

Accordingly, this Court finds that there is "good cause" to extend the time in which plaintiff may serve the summons and complaint upon defendants an additional 120 days, see *Rivera*, 2005 WL 407710, at *15, n. 28 (numerous Circuit Courts have found that "as long as the inmate provides the information necessary to identify the defendant, the Marshal's failure to effect service ... constitutes good cause to extend the time for service under" Fed.R.Civ.P. 4(m)) (citations omitted), and the Clerk of the Court is directed to re-issue the summons and cause the United States Marshal to re-serve the summons and complaint on

2

defendants C.O. J. Schuck, C.O. J. Hupkowicz, Sgt. K. Berbarr and Superintendent J. Conway.

The Marshals Service is directed to notify the Clerk of the Court in writing of the status of service within 60-days of receipt of this Order.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: June 30, 2008