UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GILMORE BANTON,

                              Plaintiff,

v.

C.O. SCHUCK, et al.

                              Defendants.
_____

**REPORT AND RECOMMENDATION**

07-CV-00427(A)(M)

        This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a report and recommendation on dispositive motions [10].[1] For the following reasons, I recommend that plaintiff's case be dismissed with prejudice pursuant to Fed. R. Civ. P. ("Rule") 16(f), due to plaintiff's unexcused failure to comply with my orders.

**BACKGROUND**

        Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. §1983, alleging that defendants violated his Eighth Amendment rights by subjecting him to excessive force and failing to protect him while he was an inmate at the Attica Correctional Facility. Complaint [1]. Before the preliminary pretrial conference, plaintiff contacted the court and advised that he had been released from prison and was residing in London, England.

        After plaintiff failed to appear for a scheduled telephonic deposition, I ordered plaintiff's telephonic deposition to occur on October 20, 2009, and cautioned plaintiff that his

---

[1]     Bracketed references are to the CM/ECF docket.

"unexcused failure to participate in the deposition may lead to dismissal of the action." October 15, 2010 Text Order [30]. Plaintiff later contacted the court and advised me that he failed to appear for the telephonic deposition due to a work-related scheduling conflict. October 21, 2010 Text Order [32]. Thus, rather than ordering dismissal of the complaint, I ordered plaintiff to reimburse the New York State Attorney General's Office for the court reporter costs which it had incurred in connection with the scheduled deposition, within 30 days of receipt of the court reporter's invoice. Id. Plaintiff was cautioned that his "unexcused failure to reimburse the Attorney General's Office for its costs . . . *shall* result in the dismissal of this case." Id. (emphasis added).

Despite my warning, by letter dated December 4, 2009, the Attorney General advised me that plaintiff that had failed to provide the reimbursement [33]. Therefore, I scheduled a conference for December 16, 2009, and advised plaintiff to "be prepared to show cause why he failed to reimburse the Attorney General's Office for its costs . . . and why his case should not be dismissed for this failure." December 7, 2009 Text Order [34].[2] Plaintiff failed to appear in person or via telephone for the December 16, 2009 conference and the court was unable to contact plaintiff.

Giving plaintiff every favorable inference as a *pro se* litigant, I concluded that he may not have yet received a copy of my order scheduling the December 16, 2009 status conference due to the fact that the conference was scheduled on short notice. Therefore, I rescheduled the conference to January 20, 2010. December 16, 2009 Text Order [36]. A copy of

---

[2] Plaintiff was afforded the opportunity to participate in all court conferences via telephone, which were scheduled to accommodate the time differential between New York and London.

my order scheduling the January 20, 2010 conference was mailed and e-mailed to plaintiff at the addresses he provided. Id. Although I have received no indication that the order setting the January 20, 2010 conference was not received by plaintiff, he failed to appear for the conference in person or via telephone and attempts to contact him were unsuccessful. Furthermore, Assistant Attorney General Michael Russo advised at the conference that his office still has not received reimbursement from plaintiff for the court reporter costs.

## ANALYSIS

"'All litigants, including *pro ses*, have an obligation to comply with court orders,' . . . and failure to comply may result in sanctions, including dismissal with prejudice." Agiwal v. Mid Island Mortgage Corp., 555 F. 3d 298, 302 (2d Cir. 2009). Rule 16(f) authorizes a court to sanction a party for failing to appear for a pretrial conference or failing to obey a pretrial order. Among the sanctions authorized by Rule 16(f)(1) is dismissal of the action. *See* Rule 37(b)(2)(A)(v).

"*Pro se* litigants, though generally entitled to 'special solicitude' before district courts . . . , are not immune to dismissal as a sanction for noncompliance with discovery orders. Dismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'" Agiwal, supra, 555 F. 3d at 302.

In determining whether dismissal of an action is warranted, the following factors are relevant: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4)

whether the non-compliant party had been warned of the consequences of ... noncompliance.'"
Id.

### A.   Willfulness of Plaintiff's Conduct

Plaintiff's failure to comply with my October 21, 2009 Order requiring that he reimburse the Attorney General [32] and his unexcused failure to appear at the January 20, 2010 conference to show cause why he failed to reimburse the Attorney General and why his case should not be dismissed for this failure [36] leads me to the inescapable conclusion that plaintiff's disobedience of my orders was willful.

### B.   The Efficacy of Lesser Sanctions

Rather than dismissing plaintiff's complaint when he failed to appear for the October 20, 2009 telephonic deposition, I ordered him to reimburse the Attorney General for court reporter costs incurred. Despite my warning to plaintiff that his complaint would be dismissed if he did not reimburse the Attorney General, rather than dismissing his complaint outright, I provided him the opportunity at the January 20, 2010 proceeding to show cause why it should not be dismissed. However, without excuse, plaintiff failed to appear for the January 20, 2010 conference.

Given plaintiff's repeated failures to comply with my orders in the face of my prior leniency, I do not find that lesser sanctions would be effective.

### C. The Duration of Period of Non-Compliance

Plaintiff's failure to abide by my orders dates to his failure to appear at the October 20, 2009 telephonic deposition and has continued through his failure to appear for the January 20, 2010 conference.

### D. The Warnings Provided to Plaintiff

As discussed, plaintiff was warned that his failure to reimburse the Attorney General's Office for its court reporter costs would result in the dismissal of his case.

Considering the above factors, I recommend that plaintiff's case be dismissed. *See* Lebrew v. MTA New York City Transit, 2008 WL 5272466, *2 (E.D.N.Y. 2008) ("The Court warned plaintiff that this action would be dismissed if she failed to appear for the scheduled November 3, 2008 conference. Plaintiff should not be afforded unlimited chances to obey the Court's Orders. Plaintiff has twice failed to attend Court conferences despite the Court's explicit warning that her case would be dismissed if she failed to appear.").

## CONCLUSION

For these reasons, I recommend that plaintiff's complaint be dismissed with prejudice. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within 14 days after receipt of a copy of this Report and Recommendation.

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED: January 21, 2010

                                        /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge